Judge Underwood
delivired the-opii.ion.of the court.
•Denham filed his bill to be relieved t© tire extent of usury included in a note given by him to Stone Stone purchased from-Curl two notes on Denham, who had promised to pay Curl an interest of 12 or 12f per cent., per annum for indulgence. When Curl parted with the notes, he told Stone that the note then due was bearing an interest .of I2J per cent., and promised that if Denham did not agree to be responsible for an interest of that amount up to the time Stone might see him, he would. When Stone and Denham met, the latter agreed to pay t'he interest, and the notes were renewed including the usury. The note was venewed at another time including interest at the rate of 12 or 12-| per cent, per annum compounded. Stone now contends that Denham ought not to be relieved from the payment of the amount of usury which he had agreed to pay Curl before he parted with the notes, and the circuit court was of that opinion.
We cannot concur with the circuit court. When Curl assigned the notes.to Stone, he acquired a legal fight to exact payment of their amount with interest at the rate of'6 per cent, per annum, and no more. Denham’s promise to pay more than that to Curl, was usurious. His subsequent agreement to pay Stone, the assig-iee, and consenting that it should be included in a new note, could not change the character of the promise. The notes having become *177 the property of Stone by the assignment would not constitute a valid consideration for a new note for a greater sum than the principal and legal interest. AÍÍ above that would be usury, and before it could be recovered it would be necessary to shew that the ■excess above the principal and legal interest, was based upon some other valid consideration- There is no pretence for any other consideration, unless it be the promise of Curl, that if Denham would not pay or agree to be responsible for the usury which he had agreed to pay, then Curl would pay it for him. It does not appear that Denham knew of this ■engagement made by Curl to Stone. We do not perceive how this promise of Curl can he connected with the note of Denham, so as to constitute an additional consideration to support a new note for more than the principal and legal interest due on the old. It may he said that Stone would not have purchased the notes, but for this promise of Curl. Admit that to be true, still it cannot affect the liability of Denham, and enlarge his debt, when no act was done by him to induce Stone to buy the notes, or to .give more for them in consequence of his promise to pay usurious interest. It may also be urged, that as Denham did agree to pay Stone, the assignee, the usury which he promised Curl, and actually gave his note for it, that Curl is now discharged from his promise, and Stone will loose the amount unless he can collect it from Denham. It was well understood that Denham was not legally hound to pay usury, and that his promise to pay it was absolutely void. It was a singula'’ contract that Stone should consent to accept a void promise from Denham in discharge of Curl’s engagement; and yet such is the fact from •the proof in the cause: for it seems Curl was not to be bound for the usury, provided Denham agreed to pay it when he and Stone met. This rather proves that there was no valid consideration for the promise made by Curl. It certainly does not prove that Curb’s promise extracted the taint of usury from the new note executed by Denham, who, for any thing that appears, remained ignorant of Curl’s promise to pay, in the event Denham refused.
Correcting the error which the circuit court has fallen into, we make the amount of usury included *178 in the last note, exceed $45. The common law re* cord, although made part of the hill, has not been copied. Our calculation might have been more satisfactory had the common law record been before us. The decree is rever-ed with costs, and the cause remanded for proceedings not inconsistent with ■this opinion.
Gaperton} for plaintiff. Turner, for defendant.-